# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| WILLIAM CLINTON SHOEMAKER, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | No: 4:17-cv-55-HLM |
| ANGEL EMERGENCY MEDICAL SERVICES, LLC and DEWAYNE WILSON, | ) ) ) ) ) | |
| Defendants. | ) | |

## **COMPLAINT**

Pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), Plaintiff files this lawsuit against Defendants and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant Angel Emergency Medical Services, LLC ("Angel EMS") is a limited liability company formed under the laws of Georgia. Its principal office is located in Fort Oglethorpe, Georgia. Its registered agent for service of process is DeWayne Wilson, 337 S. Cedar Lane, Fort Oglethorpe, Georgia, 30742.

3. Defendant Angel EMS provides emergency and non-emergency

transportation services to customers in the North Georgia and Chattanooga, Tennessee areas, including ambulance service and non-emergency transport of customers to medical facilities.

4. Defendant DeWayne Wilson is the owner/member of Angel EMS and has operational control of the company.

5. Plaintiff was employed by Defendant Angel EMS from approximately December of 2005 through May of 2016. During the time period from March of 2014 through May of 2016 ("the potential recovery period"), Plaintiff was employed by Defendant Angel EMS as a paramedic and was paid an hourly wage for his work.

6. While Plaintiff was employed at Angel EMS, each Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

7. While Plaintiff was employed at Angel EMS, Plaintiff was an "employee" of each Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years and within two years preceding the filing of this lawsuit.

8. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

9. Plaintiff was entitled to overtime wages at a rate of one and one-half

times his regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207(a)(1) of the FLSA.

10. During the potential recovery period, Plaintiff routinely worked a standard schedule of 48 hours per workweek performing paramedic work while responding to calls in an ambulance in the North Georgia and Chattanooga areas. Plaintiff was paid a regular rate of $15.95 an hour for the first 40 hours of work performed, and one and one-half times that rate for the eight hours of overtime performed, while working the standard 48-hour workweek described above.

11. In addition to his standard schedule, Plaintiff performed work as a paramedic at special events such as concerts. Plaintiff travelled to the special events, where he performed paramedic services as needed by those attending the events. Defendant paid Plaintiff an hourly rate of $18.00 an hour for his paramedic work at special events.

12. The work Plaintiff performed at special events routinely occurred during weeks in which he worked well over 40 hours. Pursuant to 29 U.S.C. § 207(a)(1), Plaintiff was entitled to overtime pay at a rate of one and one-half times his regular rate of pay for his work at special events. Defendants violated 29 U.S.C. § 207(a)(1) by failing to pay Plaintiff for this work at a rate of one and one-half times his regular rate of pay.

13. In addition to the paramedic work that Plaintiff performed at special events, Plaintiff also performed other work involving the special events for which he was not paid any compensation whatsoever. More specifically, Plaintiff performed work scheduling and staffing; work preparing for trips; bookkeeping work; clean-up work; and work travelling to and from the events. Defendants violated 29 U.S.C. § 207(a)(1) by failing to pay Plaintiff for this work at a rate of one and one-half times his regular rate of pay.

14. Defendants' violation of Section 207 of the FLSA was willful. Specifically, Defendants were well aware of their obligation to pay Plaintiff overtime wages pursuant to the FLSA, or recklessly disregarded their legal obligations.

15. As a result of Defendants' failure to comply with Section 207 of the FLSA, Defendants are liable to Plaintiff for overtime back pay.

16. In addition to the amount of unpaid wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

17. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. Section 216(b).

WHEREFORE, Plaintiff prays for a judgment against Defendants for

damages that include the following:

(a) Overtime back pay;

(b) Liquidated damages in an amount equal to his overtime back pay;

(c) Reasonable attorney's fees;

(d) The costs and expenses of this action; and

(e) All further general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr.
GA Bar #387630
4525 Harding Road, Suite 200
Nashville, Tennessee 37205
(615) 313-8188
Facsimile: 615-313-8702
rsjackson@rsjacksonlaw.com

John McCown
GA Bar #486002
Warren & Griffin, P.C.
513 Benjamin Way, Suite 208
Dalton, GA 30721
(423) 265-4878
Facsimile: 706-529-3890
johnmccown@gmail.com

Attorneys for Plaintiff